[Crim. No. 8425.   Second Dist., Div. Three.   Aug. 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL
BILLINGS, Defendant and Appellant.

Arthur Lewis for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FORD, J.—In a nonjury trial the defendant was found to be guilty of grand theft. (Pen. Code, § 487, subd. 1.) Proceedings were suspended without the imposition of sentence and the defendant was placed on probation on specified terms and conditions. He has appealed from the judgment (order granting probation) and from the order denying his motion for a new trial. His sole contention is that the evidence was insufficient to support the conviction.

The person whose money was alleged to have been taken was Mary E. Tyson, a waitress. She testified that the defendant talked to her at her place of employment in Manhattan Beach on April 6, 1961. He said that a friend of his had developed a hydraulic motor which was being tested by Chrysler and General Motors and that money was needed for "backing." The money would be held in escrow for 10 days and, at the end of that time, they would have a report from Chrysler and General Motors. If those concerns did not accept the motor, the money would be returned to the persons who had furnished it. But if the motor was accepted, such persons would be given certificates for stock in a company. The defendant also said that Murray Chotiner was the at-

torney for the company involved and that Earl Scheib had invested money in the venture. The following day the witness gave the defendant her check for $500 which he cashed. On the receipt given to her by the defendant was the name "Mini-San." She testified that she gave the money to the defendant in reliance upon his representation that Mr. Chotiner was connected with the venture. The money was never returned to her and she received no certificate for shares of stock in the "Mini-San" corporation.

Robert A. Tyson, who was the husband of Mary E. Tyson at the time of the trial, testified that he was present at a conversation about a week before the money was given to the defendant. The defendant stated to them that a friend of his had a hydraulic motor which would revolutionize the automotive industry and that he would like to have them invest in the venture. The defendant further said that General Motors and Chrysler and another company were investigating the motor and that after they had completed their investigation those persons who had invested in the venture would be issued certificates of stock "in this corporation for this motor." The defendant also said that Murray Chotiner was the attorney for the venture and that Earl Scheib was investing in it. No stock certificate was issued and the money was not returned.

Murray Chotiner, an attorney, testified that he had never represented the defendant in any matter and had not been retained to form a corporation for him. He had never received money which was to be placed in escrow for the defendant's venture.

The defendant testified that about ten days or two weeks prior to the delivery to him of Mary E. Tyson's check for $500, he told her and Mr. Tyson, who were to be married in a short time, that "if they were interested in making a little bit of money," he "could probably accommodate them for a percentage, or part of the action." On April 6 he saw them again at Mrs. Tyson's place of employment. He told her that "if she had any loose money and wanted to put it to work," he could "get her some return on her money." The next day she gave him the check for $500 and he wrote a receipt which stated, "Received of Mary Logue [her name at that time] $500 for the Minasan venture." The defendant further testified as follows: "Well, when I gave her the receipt she read it, and says, is this what you are calling the deal, and I said, yes, Minasan venture, we are calling it the Minasan [venture]

for the time being.'' He did not explain to her what the venture was, but it had nothing to do with a motor. About three weeks before he received the check he had described to Mr. Tyson a motor he had just seen. But he did not say the money was to be used for the purpose of manufacturing or selling hydraulic motors, or that General Motors Corporation was interested in the motor, or that he was incorporating a company to handle its development.

Further testimony of the defendant was as follows: ''The Minasan venture is actually the first names of the company, Cia Minas, San Antonio, S.A. . . . that is a Panamanian corporation that is active in mining in Mexico.'' He owned 80 per cent of the stock of the corporation. He did not tell Mrs. Tyson that he would give her stock in that corporation. At the time of the trial, that corporation was engaged in the business of exporting silver coins from Mexico to the United States.

The defendant denied that he had mentioned the name of Attorney Murray Chotiner. Mr. Chotiner had never represented him. On one occasion he did mention that he had been with Earl Scheib earlier in the day, but he did not say that Mr. Scheib had invested in his venture.

Before the determination of the trial judge in this nonjury case can be set aside on review on the ground of the insufficiency of the evidence, it must be made clearly to appear that on no hypothesis whatsoever is there sufficient substantial evidence to support that determination. We must assume in favor of the finding of guilt the existence of every fact which the trial judge could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the finding. (*People* v. *Bateman*, 175 Cal.App.2d 69, 76 [345 P.2d 334].)

As stated in *People* v. *Ashley*, 42 Cal.2d 246, at page 259 [267 P.2d 271]: ''To support a conviction of theft for obtaining property by false pretenses, it must be shown that the defendant made a false pretense or representation with intent to defraud the owner of his property, and that the owner was in fact defrauded. . . . The false pretense or representation must have materially influenced the owner to part with his property, but the false pretense need not be the sole inducing cause. [Citation.] If the conviction rests primarily on the testimony of a single witness that the false pretense was made, the making of the pretense must be corroborated. (Pen. Code, § 1110.)''

Viewing the evidence in the light most favorable to the People, it is clear that there was ample support for the conviction of the defendant of the crime of grand theft. Extended discussion would serve no useful purpose.

The attempted appeal from the order denying the motion for a new trial is dismissed. (See Pen. Code, § 1237.) The judgment (order granting probation) is affirmed.

Shinn, P. J., and Files, J., concurred.